Curia, per

Earle, J.
The Act of,1801 provides, that any one who shall retail spirituous liquors or keep a tavern, without license, shall forfeit and pay the sum of one hundred dollars. And in a separate clause of a subsequent section, it is thus enacted; “ The forfeiture in all cases to be thus disposed of; one-half to the informer, and the other half to the commissioners,” to be applied to the repairs of roads and bridges. The Act of 1825, entitled “An Act to reduce all the Acts and parts of Acts relating to the powers and duties of commissioners of roads into one Act,” enacts, “ That any person who shall retail spirituous liquors, contrary to the provisions thereof, shall forfeit and pay the sum of one hundred dollars.’* And in a subsequent and separate section, provides, “ That all the fines, forfeitures and penalties imposed by this Act, shall belong to that board of commissioners within whose limits the fine, penalty or forfeiture may be imposed,” to constitute a fund for repairing roads and bridges. The 31st section repeals all Acts and clauses of Acts contrary to or inconsistent with the provisions of the latter Act.
The question is, Whether the penalty of one hundred dollars for retail- *288 mg without license,- is divided between the informer and commissioners, as under the Act of 1SÓ1, or appropriated wholly to the commissioners under the Act of 1825 1 or in other words, whether the former is superceded and repealed by the latter i And it seems only necessary to read the latter to be satisfied of the affirmative of the latter question — although I had hastily come to a different conclusion on the circuit, from'an imperfect examination of the Act of Í825.
The title of the Act seems to show an intention to embody the whole of the law on the subject into a single digested statute,; and has incorporated the leading provisions of former Acts, with suitable modifications. The form of the license and the penalty are re-enacted. A special appropriation is also made in a distinct substantive clause or section, entirely incompatible with that which obtained under the former statute. Even without the repealing clause, it would be obvious enough, on the universal principle of construction, that the latter Act, by necessary implication, would repeal the former. The twp sections in regard to the appropriation, are directly opposed to each other. It is not a case of construction, in pari materia, for they are wholly irreconcilable. If there were any doubt about it, on the common rule of construction, the repealing clause would put it to rest.
The motion is granted, and the- rule is discharged.
Gantt, Richardson,'.Evans, and Butler," JJV concurred.